# Exhibit A

WEBB CO DISTRICT CLERK Fax:956-523-5121      Oct  6 2016 09:26am P001/002

```
Webb County Courts - Live                                                PAGE      1
DATE   10/06/16                                                          MV0260
TIME    9:22:25                                                          DCSL
```

```
================================================================================
CASE NUMBER . . . . : 2016CVF002350 D3    CASE TYPE :  F08  INSURANCE
PLAINTIFF . . . . . : SALA PRIMARY LLC,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : LAWRENCE,LARRY,W,JR              PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 3112 WINDSOR RD STE A234
                      AUSTIN                       TX  78703

    VS.

DEFENDANT NAME  . . : UNITED STATES LIABILITY INSURANCE COMPANY,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . : 4500 YOAKUM BLVD
                      HOUSTON                      TX  77006
DRIVERS LICENSE #  . :
CASE STATUS . . . . : Active       STATUS DATE . . . :  9/07/2016
CASE DISPOSITION  . :              DISPOSITION DATE  :

DEFENDANT NAME  . . : KNIES,GLENN,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . : 4500 KOAKUM BLVD
                      HOUSTON                      TX  77006
DRIVERS LICENSE #  . :
CASE STATUS . . . . : Active       STATUS DATE . . . :  9/07/2016
CASE DISPOSITION  . :              DISPOSITION DATE  :

ENTRY/FILING DATE . :  9/07/2016

JUDGE . . . . . . . : B.Palomo
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :              IND. TERM. CODE . :

COMPLAINT . . . . . : *IMG*CONTRACT
COMPLAINT DATE  . . :  9/07/2016   COMPLAINT AMOUNT  :
INTEREST DATE . . . :              INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :              COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :              TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :              GARNISHMENT CASE  :


ACTIVITY DATE  ACTIVITY DESCRIPTION                               ACTIVITY TYPE
-------------  --------------------------------------------------- -------------
 9/07/2016    Jury Fee                                            Jury Fee
      JURY DEMAND PAID BY ATTORNEY LARRY LAWRENCE. (LT)
              Case Status                                         CaseStatus
      Case Status entered as ACTV.
      Case Status ACTV: Active
      For UNITED STATES LIABILITY INSURANCE COMPANY
```

_WEBB CO DISTRICT CLERK Fax:956-523-5121    Oct  6 2016 09:27am  P002/002
Case 5:16-cv-00295  Document 1-2 Filed in TXSB on 10/06/16  Page 3 of 29

===============================================================================
CASE NUMBER . . . . : 2016CVF002350 D3   CASE TYPE :  F08  INSURANCE
              Complaint                                         Complaint
    *IMG*CONTRACT

 9/12/2016    Court Case Assignment                             Case Assgn
    Court date/time: 12/05/2016  13:30   Hearing Type:   17 Clndr Call
    Assignment of court date/time.
    Status entered as Open
              Notes                                            Notes
    *IMG*CALENDAR CALL FAXED TO ATTORNEY LARRY LAWRENCE AND ATTACHED
    COPY TO CITATIONS.  (LT)

 9/14/2016    Issuance                                          Issuance
    *IMG*(4) CITATIONS ISSUED TO UNITED STATES LIABILITY INSURANCE
    COMPANY AND GLENN KNIES BY CERTIFIED MAIL RETURN RECEIPT.  (LT)

 9/27/2016    Returns                                           Returns
    *IMG* CERTIFIED MAIL RETURN EXECUTED AS TO UNITED STATED LIABILITY
    INSURANCE COMPANY'S (DOS ?).  SL
              Returns                                          Returns
    *IMG* CERTIFIED MAIL RETURN EXECUTED AS TO GLEN KINES. (DOS ?).  SL

10/04/2016    Filing Papers                                    File Paprs
    *IMG* LETTER FROM BINGHAM, MANN, HOUSE REQUESTING COPIES.  (SL)

Filed
9/7/2016 2:47:39 PM
Esther Degollado
District Clerk
Webb District
Linda Torres

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____  COURT *(FOR CLERK USE ONLY)*: _____

STYLED SALA PRIMARY LLC V. UNITED STATES LIABILITY INSURANCE COMPANY 2016CVF002350D3
GLENN KNIES

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Michael A. Lawrence | Email:<br>lawrencefirm@gmail.com | Plaintiff(s)/Petitioner(s):<br><br>Sala Primary LLC | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>3112 Windsor Rd., Suite A234 | Telephone:<br>956-994-0057 | ____<br>____<br>Defendant(s)/Respondent(s): | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br>Austin, Texas 78703 | Fax:<br>800-507-4152 | United States Liability<br>Insurance Company and | Non-Custodial Parent:<br><br>Presumed Father: |
| Signature: | State Bar No:<br>24055826 | Glenn Knies<br>____<br>____ | |
| | | *[Attach additional page as necessary to list all parties]* | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | | |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>____<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>    Liability: _____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>    List Product:<br>____<br>☐Other Injury or Damage:<br>____ | ☐Eminent Domain/<br>    Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>    Pre-indictment<br>☐Other: _____ | ☐Enforce Foreign<br>    Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>    of Minority<br>☐Other: _____ | ☐Adoption/Adoption with<br>    Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>    Rights<br>☐Other Parent-Child:<br>____ |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>    Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Filed
9/7/2016 2:47:39 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVF002350D3

**CAUSE NO.** _____

| | | |
|---|---|---|
| SALA PRIMARY LLC | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| UNITED STATES LIABILITY | § | |
| INSURANCE COMPANY AND | § | |
| GLENN KNIES | § | |
| *Defendants* | § | WEBB COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SALA PRIMARY LLC,** complaining of **UNITED STATES LIABILITY INSURANCE COMPANY AND GLENN KNIES,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Webb County, Texas.

3. Defendant United States Liability Insurance Company is a Pennsylvania Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent: Lisa Mann, Bingham, Mann & House, 4500 Yoakum Blvd., Houston, Texas 77006.

4. Defendant Glenn Knies is an individual licensed to engage in the business of adjusting insurance claims in Texas. This defendant can be served with process by serving United States Liability Insurance Company's registered agent: Lisa Mann, Bingham, Mann & House, 4500 Yoakum Blvd., Houston, Texas 77006 or wherever found.

## III. JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant United States Liability Insurance Company (hereinafter "United States Liability") because it is engaging in the business of insurance in the State of Texas and over Defendant Glenn Knies (hereinafter "Knies") because he is an adjuster for United States Liability who adjusts claim in Texas. Venue is proper in this county because the insured property is situated in Webb County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

6. Plaintiff is the owner of the Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by United States Liability.

7. Plaintiff owns the insured property, located at 200 W Lyon Street, Laredo, Texas 78040 (hereinafter referred to as "the Property").

8. United States Liability sold the Policy insuring the property to Plaintiff.

9. On or about May 11, 2015, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of May 11, 2015, strong supercell thunderstorms moved through the Laredo, Texas area producing heavy rains, and damaging wind and hail.

10. Plaintiff submitted claims to the Defendants against the policy for damages to the Property as a result of the May 11, 2015 storm. Plaintiff requested that the Defendants cover the costs of these repairs pursuant to the policy they entered into with the Defendants.

11. The Plaintiff reported the damage to the covered Property to the Defendant United States Liability. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such

as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

12. As of the date of this filing, the Defendant continue to delay in the payment for the damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to its property.

13. Defendant United States Liability failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant United States Liability has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant United States Liability's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

14. Defendant United States Liability has misrepresented to Plaintiff there was no damage to areas of the property that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant United States Liability's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

15. Defendant United States Liability failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant United States Liability's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

16. Defendant United States Liability failed to adequately explain to Plaintiff the reasons

for its offer of an inadequate settlement. Specifically, Defendant United States Liability failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant United States Liability did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant United States Liability's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

17. Defendant United States Liability refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant United States Liability failed to conduct a reasonable investigation. Specifically, Defendant United States Liability performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant United States Liability's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

18. Defendant United States Liability failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant United States Liability's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

19. Defendant United States Liability failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for its claim. Defendant United States Liability's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

20. Since the date Plaintiff presented its claim to Defendant United States Liability, the liability of Defendant United States Liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant United States Liability has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant United States Liability's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. Defendant United States Liability knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

22. As a result of Defendant United States Liability's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action against United States Liability and Glenn Knies' Noncompliance with Texas Insurance Code: Unfair Settlement Practices

23. Defendants, United States Liability and Knies', conduct constitute multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.151.

24. Defendant, Knies, is liable for its unfair and deceptive acts, irrespective of the fact it was acting on behalf of United States Liability, because it is a "person" as defined by TEX. INS. CODE. §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE. §541.002(2) (emphasis added). (See also

*Liberty Mutual insurance Co. V Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

25. Defendants, United States Liability and Knies', unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

26. The unfair settlement practices of Defendants, United States Liability and Knies, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitute an unfair methods of competition and an unfair and deceptive acts or practices in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

27. Defendants, United States Liability and Knies', unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.0609(a)(7).

## Fraud against all Defendant Parties

28. Defendants United States Liability and Knies are liable to Plaintiff for common law fraud.

29. Defendants made material misrepresentations to Plaintiff as to the extent of its damages, the need for repairs, the quality of their services, and the extent of the coverage provided by the Policy of those damages. Each and every one of the representations, as described above, concerned material facts relied upon by Plaintiff which Defendants, United

States Liability and Knies, knew were false or made recklessly without any knowledge of their truth as a positive assertion.

30. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements proximately causing Plaintiff to suffer injury and damages as described herein below.

## Conspiracy to Commit Fraud against all Defendant Parties

31. Defendants United States Liability and Knies are liable to Plaintiff for conspiracy to commit fraud. Defendants United States Liability and Knies were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants, United States Liability and Knies, committed an unlawful, overt act to further the object of the conspiracy. Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST UNITED STATES LIABILITY ONLY

32. Defendant United States Liability is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Breach of Contract

33. Defendant United States Liability's conduct as described *supra* constitutes a breach of the insurance contract made between United States Liability and Plaintiff.

34. Defendant United States Liability's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of United States Liability's insurance contract with Plaintiff which proximately caused Plaintiff the loss of the policy benefits.

## Noncompliance with Texas Insurance Code: Unfair Settlement Practices

35. Defendant United States Liability's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(A). All violations under this article are made actionable by TEX. INS. CODE. §541.151.

36. Defendant United States Liability's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

37. Defendant United States Liability's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though United States Liability's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(2)(A).

38. Defendant United States Liability's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

39. Defendant United States Liability's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(4).

40. Defendant United States Liability's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(7).

## Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

41. Defendant United States Liability's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE. §542.060.

42. Defendant United States Liability's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, and pay the full amount of the claim, as described above, constitutes a non-prompt payment of claim and a violation of the TEX. INS. CODE §542.056(a).

## Breach of Duty of Good Faith and Fair Dealing

43. Defendant United States Liability's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

44. Defendant United States Liability's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim when United States Liability knew, or should have known, by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing which proximately caused Plaintiff's damages as described herein below.

## KNOWLEDGE

45. The acts of Defendants are in violation of the Insurance Code described above were done "knowingly," as that item is used in the Texas Insurance Code, and were producing causes of Plaintiff's damages described herein.

## VI. DAMAGES

46. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the proximate or producing causes of the damages sustained by Plaintiff.

47. As previously mentioned, the damages caused by the storms described above rendered Plaintiff's property substantially damaged. These damages have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants', United States Liability and Knies's, mishandling of Plaintiff's claim in violation of the laws set forth above.

48. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorneys' fees.

49. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE. §542.060.

51. For breach of the Common Law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

52. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest and court costs.

53. For the prosecution and collection of this claim, Plaintiff has been required to retain the services of the undersigned attorneys and is entitled to recover its reasonable and necessary attorneys' fees.

54. As a result of the knowing violations of the Texas Insurance Code, Plaintiff is entitled to recover treble damages pursuant to the provisions of the Texas Insurance Code.

55. In accordance with Rule 47, as amended, and with the information currently available, Plaintiff seeks monetary relief of over $200,000.00 but not more than $1,000,000.00.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

56. Under Texas Rule of Civil Procedure 194, Plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## Plaintiff's 1st Requests for Production to Defendants United States Liability and Glenn

### Knies

57. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc.  If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said

Plaintiff has and recover such sums as would reasonably and justly compensate it in accordance

with the rules of law and procedure, as to actual damages, treble damages under the Texas

Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff

requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court

on its behalf expended, for prejudgment and post-judgment interest as allowed by law, and for

any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)
Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak

State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFF

Filed
9/7/2016 2:47:39 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2016CVF002350D3

# LAWRENCE LAW FIRM
*A Professional Corporation*

3112 Windsor Rd. #A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 fax

September 7, 2016

*Via E-File*
Esther Degollado, District Clerk
1110 Victoria Street, Suite 203
Laredo, Texas 78040
(956) 523-4268 – Tel.
(956) 523-5063 – Fax

> RE:    **NEW FILING:** *Sala Primary LLC v. United States Liability Insurance Company and Glenn Knies*

Dear District Clerk:

By this letter, we kindly ask that you file the enclosed petition with request for a jury, and that you please prepare one citation and serve it by certified mail RRR for the following defendants:

> a. Defendant United States Liability Insurance Company is a Pennsylvania Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent: Lisa Mann, Bingham, Mann & House, 4500 Yoakum Blvd., Houston, Texas 77006.

> b. Defendant Glenn Knies is an individual licensed to engage in the business of adjusting insurance claims in Texas. This defendant can be served with process by serving United States Liability Insurance Company's registered agent: Lisa Mann, Bingham, Mann & House, 4500 Yoakum Blvd., Houston, Texas 77006 or wherever found.

If you have any questions, please feel free to contact me directly at 956-792-6286. Thank you.

Warmest Regards,

/s/ Michael A. Lawrence

LARRY W. LAWRENCE, JR.
MICHAEL A. LAWRENCE

## HONORABLE BECKIE PALOMO

**State District Court Judge**
341ʳᵗ JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:    2016CVF002350 D3

STYLE:    SALA PRIMARY LLC

VS

UNITED STATES LIABILITY INSURANCE COMPANY ET.AL.

NOTICE that this case IS SET FOR CALENDAR CALL on    12/05/2016    ,
at 1:30 PM at the 341st District Courtroom, 3ʳᵈ Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before JUDGE BECKIE PALOMO.
Your presence is MANDATORY unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of
prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

*Magdalena Martinez*

Magdalena Martinez
Civil Court Coordinator
(956)523-4328



DC:

## \*\* Transmit Confirmation Report \*\*

P.1
WEBB CO DISTRICT CLERK Fax:956-523-5121                    Sep 23 2016 10:48am

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 917138400046 | Fine | 23,10:47am | 0'33" | 1 | \* O K | |



**HONORABLE BECKIE PALOMO**
State District Court Judge
341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

### CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:  2016CVF002350 D3

STYLE:  SALA PRIMARY LLC

VS

UNITED STATES LIABILITY INSURANCE COMPANY ET.AL.

NOTICE that this case IS SET FOR CALENDAR CALL on ___12/05/2016___,
at 1:30 PM at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before JUDGE BECKIE PALOMO.
Your presence is MANDATORY unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of
prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC:

"RETURN"
2016CVF002350 D3

## CITATION BY CERTIFIED MAIL
### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.  IF
YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS
CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY
DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY
BE TAKEN AGAINST YOU."

TO:   **GLENN KNIES**
      **BY SERVING: UNITED STATES LIABILITY INSURANCE COMPANY'S**
      **LISA MANN (BINGHAM, MANN, & HOUSE)**
      **4500 YOAKUM BLVD**
      **HOUSTON,   TX 77006**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED
TO APPEAR BEFORE THE 341ST DISTRICT COURT** of Webb County, Texas, to be held at
the said courthouse of said county in the city of Laredo, Webb County, Texas,
by filing a written answer to the Petition of Plaintiff at or before 10:00
O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date
of service thereof, a copy of which accompanies this citation, in the Cause #:
2016CVF002350 D3 , styled:
          SALA PRIMARY LLC, PLAINTIFF
          VS.
          UNITED STATES LIABILITY INSURANCE COMPANY AND GLENN KNIES,
          DEFENDANTS
Said Plaintiff's Petition was filed on 09/07/2016 in said court by:
          LARRY W LAWRENCE JR, (ATTORNEY FOR PLAINTIFF)
          3112 WINDSOR RD STE A234
          AUSTIN,   TX 78703

**WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS,** issued and given
under my hand and seal of said court at office, this 14 day of September, 2016.

              C   L   E   R   K   O   F   C   O   U   R   T
ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042          BY: Herlinda Torre DEPUTY
                          HERLINDA TORRES

### CLERK'S CERTIFICATE OF SERVICE

        I, Clerk of the District Courts and County Court at Law of Webb County,
Texas, certify that I executed the foregoing citation in Webb County, Texas on
this 14 day of September, 2016, by placing in the United States mail a true copy
of this citation, with true copy of the aforesaid Pleading attached thereto, via
**Certified Mail No.7015.1520.0001.8308.4757** ADDRESSED TO: GLENN KNIES, 4500
YOAKUM BLVD, HOUSTON,    TX 77006, and endorsed thereon "RETURN RECEIPT
REQUESTED," after having first endorsed on said copy of said citation the date
of mailing and the name and address of the within-named recipient, to certify
which witness my hand officially this 14 day of September, 2016.

                                    ESTHER DEGOLLADO
CALENDAR CALL SET FOR               CLERK OF THE DISTRICT COURTS AND
12/05/2016 AT 1:30P.M.              COUNTY COURT-AT-LAW
                                    OF WEBB COUNTY, TEXAS
ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.       BY: Herlinda Torre DEPUTY
                                    HERLINDA TORRES

"SERVE"
2016CVF002350 D3

### CITATION BY CERTIFIED MAIL
### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.  IF
YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS
CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY
DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY
BE TAKEN AGAINST YOU."

TO:   GLENN KNIES
      BY SERVING: UNITED STATES LIABILITY INSURANCE COMPANY'S
      LISA MANN (BINGHAM, MANN, & HOUSE)
      4500 YOAKUM BLVD
      HOUSTON,   TX 77006

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED
TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at
the said courthouse of said county in the city of Laredo, Webb County, Texas,
by filing a written answer to the Petition of Plaintiff at or before 10:00
O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date
of service thereof, a copy of which accompanies this citation, in the Cause #:
2016CVF002350 D3 , styled:
          SALA PRIMARY LLC, PLAINTIFF
          VS.
          UNITED STATES LIABILITY INSURANCE COMPANY AND GLENN KNIES,
          DEFENDANTS
Said Plaintiff's Petition was filed on 09/07/2016 in said court by:
          LARRY W LAWRENCE JR, (ATTORNEY FOR PLAINTIFF)
          3112 WINDSOR RD STE A234
          AUSTIN,   TX 78703

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given
under my hand and seal of said court at office, this 14 day of September, 2016.

          C   L   E   R   K     O   F     C   O   U   R   T

ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042          BY: _Harlinda Torre_  DEPUTY
                               HERLINDA TORRES

### CLERK'S CERTIFICATE OF SERVICE

     I, Clerk of the District Courts and County Court at Law of Webb County,
Texas, certify that I executed the foregoing citation in Webb County, Texas on
this 14 day of September, 2016, by placing in the United States mail a true copy
of this citation, with true copy of the aforesaid Pleading attached thereto, via
Certified Mail No.7015.1520.0001.8308.4757 ADDRESSED TO: GLENN KNIES, 4500
YOAKUM BLVD, HOUSTON,    TX 77006, and endorsed thereon "RETURN RECEIPT
REQUESTED," after having first endorsed on said copy of said citation the date
of mailing and the name and address of the within-named recipient, to certify
which witness my hand officially this 14 day of September, 2016.

                               ESTHER DEGOLLADO
CALENDAR CALL SET FOR          CLERK OF THE DISTRICT COURTS AND
12/05/2016 AT 1:30P.M.         COUNTY COURT-AT-LAW
                               OF WEBB COUNTY, TEXAS
ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.       BY:_Harlinda Torre_  DEPUTY
                                  HERLINDA TORRES

"RETURN"
2016CVF002350 D3

### CITATION BY CERTIFIED MAIL
### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.  IF
YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS
CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY
DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY
BE TAKEN AGAINST YOU."

TO:   UNITED STATES LIABILITY INSURANCE COMPANY
      BY SERVING ITS REGISTERED AGENT:
      LISA MANN (BINGHAM, MANN, & HOUSE)
      4500 YOAKUM BLVD
      HOUSTON,   TX 77006

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED
TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at
the said courthouse of said county in the city of Laredo, Webb County, Texas,
by filing a written answer to the Petition of Plaintiff at or before 10:00
O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date
of service thereof, a copy of which accompanies this citation, in the Cause #:
2016CVF002350 D3 , styled:
          SALA PRIMARY LLC, PLAINTIFF
          VS.
          UNITED STATES LIABILITY INSURANCE COMPANY AND GLENN KNIES,
          DEFENDANTS
Said Plaintiff's Petition was filed on 09/07/2016 in said court by:
          LARRY W LAWRENCE JR, (ATTORNEY FOR PLAINTIFF)
          3112 WINDSOR RD STE A234
          AUSTIN,   TX 78703

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given
under my hand and seal of said court at office, this 14 day of September, 2016.

                C  L  E  R  K    O  F    C  O  U  R  T
ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042          BY: _____ DEPUTY
                               HERLINDA TORRES

### CLERK'S CERTIFICATE OF SERVICE

     I, Clerk of the District Courts and County Court at Law of Webb County,
Texas, certify that I executed the foregoing citation in Webb County, Texas on
this 14 day of September, 2016, by placing in the United States mail a true copy
of this citation, with true copy of the aforesaid Pleading attached thereto, via
Certified Mail No.7015.1520.0001.8308.4740 ADDRESSED TO: UNITED STATES LIABILITY
INSURANCE COMPANY, 4500 YOAKUM BLVD, HOUSTON,   TX 77006, and endorsed thereon
"RETURN RECEIPT REQUESTED," after having first endorsed on said copy of said
citation the date of mailing and the name and address of the within named
recipient, to certify which witness my hand officially this 14 day of September,
2016.

                              ESTHER DEGOLLADO
CALENDAR CALL SET FOR         CLERK OF THE DISTRICT COURTS AND
12/05/2016 AT 1:30P.M.        COUNTY COURT-AT-LAW
                              OF WEBB COUNTY, TEXAS
ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.      BY: _____ DEPUTY
                                  HERLINDA TORRES

"SERVE"
2016CVF002350 D3

### CITATION BY CERTIFIED MAIL
### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.   IF
YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS
CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY
DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY
BE TAKEN AGAINST YOU."

TO:    UNITED STATES LIABILITY INSURANCE COMPANY
       BY SERVING ITS REGISTERED AGENT:
       LISA MANN (BINGHAM, MANN, & HOUSE)
       4500 YOAKUM BLVD
       HOUSTON,    TX 77006

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED
TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at
the said courthouse of said county in the city of Laredo, Webb County, Texas,
by filing a written answer to the Petition of Plaintiff at or before 10:00
O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date
of service thereof, a copy of which accompanies this citation, in the Cause #:
2016CVF002350 D3 , styled:
              SALA PRIMARY LLC, PLAINTIFF
              VS.
              UNITED STATES LIABILITY INSURANCE COMPANY AND GLENN KNIES,
              DEFENDANTS
Said Plaintiff's Petition was filed on 09/07/2016 in said court by:
              LARRY W LAWRENCE JR, (ATTORNEY FOR PLAINTIFF)
              3112 WINDSOR RD STE A234
              AUSTIN,    TX 78703

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given
under my hand and seal of said court at office, this 14 day of September, 2016.

              C  L  E  R  K    O  F    C  O  U  R  T
ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042              BY:    _____ DEPUTY
                                     HERLINDA TORRES

### CLERK'S CERTIFICATE OF SERVICE

       I, Clerk of the District Courts and County Court at Law of Webb County,
Texas, certify that I executed the foregoing citation in Webb County, Texas on
this 14 day of September, 2016, by placing in the United States mail a true copy
of this citation, with true copy of the aforesaid Pleading attached thereto, via
Certified Mail No.7015.1520.0001.8308.4740 ADDRESSED TO: UNITED STATES LIABILITY
INSURANCE COMPANY, 4500 YOAKUM BLVD, HOUSTON,    TX 77006, and endorsed thereon
"RETURN RECEIPT REQUESTED," after having first endorsed on said copy of said
citation the date of mailing and the name and address of the within-named
recipient, to certify which witness my hand officially this 14 day of September,
2016.

CALENDAR CALL SET FOR                ESTHER DEGOLLADO
12/05/2016 AT 1:30P.M.               CLERK OF THE DISTRICT COURTS AND
                                     COUNTY COURT-AT-LAW
                                     OF WEBB COUNTY, TEXAS
ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.      BY:    _____ DEPUTY
                                     HERLINDA TORRES

Case 5:16-cv-00295   Document 1-2   Filed in TXSD on 10/06/16   Page 26 of 29

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GLEN KNIES
BY SERVING: UNITED STATED LIABILITY INSURANCE CMPANY'S
LISA MANN (BINGHAM, MANN & HOUSE)
4500 YOAKUM BLVD
HOUSTON, TX 7706

9590 9402 1221 5246 4319 11

2. Article Number (Transfer from service label)

7015 1520 0001 8308 4757

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Cindy debray
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

USPS TRACKING # ᴸᵃ⁻

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 1221 4596 4319 11

United States
Postal Service

FILED
WEBB COUNTY, TEXAS

BY _____ DEPUTY

• Sender: Please print your name, address, and ZIP+4® in this box•

ESTHER DEGOLLADO
DISTRICT CLERK
P O BOX 667
LAREDO TEXAS 78042

CS# 2016CVF002350 D3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UNITED STATED LIABILITY INSURANCE CMPANY'S
BY SERVING ITS REGISTERED AGENT:
LISA MANN (BINGHAM, MANN & HOUSE)
4500 YOAKUM BLVD
HOUSTON, TX 7706

9590 9402 1221 5246 4319 04

2. Article Number (Transfer from service label)

7015 1520 0001 8308 4740

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

x Cindy debray

☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



USPS TRACKING #

CLERK OF V COURT
9400 9402 1221 5246 4319 04

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED
WEBB COUNTY TEXAS
BY _____ DEPUTY

Sender: Please print your name, address, and ZIP+4® in this box•

ESTHER DEGOLLADO
DISTRICT CLERK
PO BOX 667
LAREDO TEXAS 78042

Case # 2016CVF002350D3